# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| RONALD L. DUCKETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 1:17-cv-1185-JDT-cgc |
| | ) | |
| MIKE PARRIS, ET AL., | ) | |
| Defendants. | ) | |

### ORDER TO MODIFY THE DOCKET, PARTIALLY DISMISSING COMPLAINT, AND DIRECTING THAT PROCESS BE ISSUED AND SERVED ON THE REMAINING DEFENDANTS

On September 25, 2017, Plaintiff Ronald L. Duckett, who is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) Duckett's complaint concerns his previous incarceration at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. The Court issued an order on September 26, 2017, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as former NWCX Warden Mike Parris;[1] Shane Adcock, Deputy Warden for Security at NWCX;

---

[1] Plaintiff lists Parris's first name as "Micheal," but it appears that Parris, currently the Warden of the Morgan County Correctional Complex, goes by the first name "Mike." *See* https://www.tn.gov/correction/sp/state-prison-list/morgan-county-correctional-complex.html. The Clerk is directed to MODIFY the docket to reflect Defendant Parris's correct first name.

Captain First Name Unknown (FNU) Pettie; Sergeant FNU Bell; Corporal Sara Perkins; and Corrections Officer FNU Redmond.[2]

Duckett alleges that on September 29, 2016, he was removed from the general prison population at NWCX without explanation and placed into administrative segregation. (ECF No. 1 at PageID 9.) Defendant Bell allegedly came to his cell and ordered Duckett to submit to a strip search, repeatedly asking him to "perform an action that the DOCTOR's at TDOC [Tennessee Department of Correction] had advised and forbidding [sic] the plaintiff to do." (*Id.*) Duckett alleges he told Bell he had been medically assessed to limited duty and could not perform the action. (*Id.*) Bell left but returned a short time later with Defendant Redmond and the two John Doe Defendants. (*Id.*) Duckett told them he had a health assessment which prevented him from stooping or bending. (*Id.*) However, Defendant Pettie then ordered Bell, Redmond, and John Does #1 and #2 to handcuff Duckett, which they allegedly did with a "malicious[ ] and sadistic[ ] use of force" while wrestling Duckett to the bed. (*Id.*) Duckett alleges he could not breathe and that his torso was forced into an unnatural position solely to harm him. (*Id.*) John Doe #2 and Redmond allegedly forced Duckett's hands behind his back while Bell sat on Duckett's legs, preventing him from moving. (*Id.* at PageID 10.) Bell and Redmond dragged Duckett from his cell by the handcuffs, which he claims irreparably damaged the nerves in his wrists and hands. (*Id.*) Pettie was outside Duckett's cell during the handcuffing and did not intervene to assist or correct the others' behavior. (*Id.*) Duckett alleges he did not resist or threaten the officers in any way or break any prison rules that would have justified their treatment of him. (*Id.*)

---

[2] Plaintiff also sues two "John Doe" defendants. However, service of process cannot be made on an unidentified party. In addition, the filing of a complaint against such a "John Doe" defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968).

After being handcuffed, Duckett was then taken to punitive segregation, where he remained for five days; however, he received no medical treatment until he signed up for sick call and was given no notice of any disciplinary charges. (*Id.*) Duckett alleges Bell and Redmond have "repeatedly engaged in excessive force against inmates in the past" and that Pettie was on notice of their abusive conduct through a number of complaints over the course of several months but did not take disciplinary action against them or otherwise attempt to control their behavior. (*Id.*)[3] Duckett also claims Defendant Parris failed to provide "a safe environment despite his knowledge of the above due process violations," which allegedly amounted to deliberate indifference. (*Id.*)

Duckett sues all of the Defendants in their individual capacities. (ECF No. 1 at PageID 7, 9, 10-11.) He also sues Defendants Parris and Perkins in their official capacities. (*Id.*) Duckett seeks a declaratory judgment that the Defendants violated his rights under the Eighth Amendment, an injunction to provide him physical therapy and medical treatment for his hand and wrist injuries, and compensatory and punitive damages from all Defendants. (*Id.* at PageID 7-9.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v.*

---

[3] It is not clear from the complaint whether Duckett himself made the prior complaints to Pettie about Redmond and Bell or whether some or all of the prior complaints were made by other inmates.

3

*Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Duckett filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Duckett does not state a claim against Defendants Parris and Perkins in their official capacities. Those claims are construed against their employer, the TDOC. Claims against the TDOC are, in turn, treated as claims against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment bars claims for monetary damages against a State. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

Nor has Duckett stated a claim against Defendants Adcock or Perkins in their individual capacities. Duckett has not asserted that either of these Defendants were involved in the alleged

incident or otherwise acted in a way that deprived him of a constitutional right. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Turning to the remaining individual-capacity claims, Duckett claims that Defendants Bell and Redmond and the two John Doe Defendants used excessive force when handcuffing him, all in violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986). For a claim of excessive force, the "core judicial inquiry" is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley*, 475 U.S. at 320-21 (quotation omitted).

Duckett alleges that Defendants Bell, Redmond, and both John Does unnecessarily wrestled him to his bed, put him in a choke hold, and forced him into an unnatural position despite his earlier protestations that he was under medically-advised limited movement. The Defendants allegedly then dragged him from his cell by the handcuffs, causing irreparable nerve damage to his hands and wrists. For the purposes of screening, these allegations sufficiently state a plausible claim for relief. The claims against Bell and Redmond may proceed under the Eighth Amendment and Tennessee state law.[4] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966).

---

[4] As stated, *see supra* note 2, process cannot be served on John Doe parties. If Duckett files an amended complaint identifying these Defendants, his claims against them can go forward. Amendments must be filed in accordance with Federal Rule of Civil Procedure 15 and any Scheduling Order later entered by the Court.

6

Duckett also claims that Defendant Pettie demonstrated deliberate indifference. An Eighth Amendment claim of deliberate indifference consists of objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298. The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 297, 302-03. The plaintiff must show that the prison official "kn[e]w[] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38.

Duckett alleges Defendant Pettie ordered officers to handcuff Duckett and then stood by silently and did nothing while they violently accomplished that task. He asserts Defendant Pettie had long known about the officers' violent tendencies because of numerous prior complaints and grievances but never addressed or corrected their behavior. These allegations sufficiently state a plausible Eighth Amendment claim against Pettie for failure to protect Duckett.

Duckett's similar claim of deliberate indifference against Defendant Parris, however, does not state a claim for relief. Duckett generally alleges that Defendant Parris knew about the actions of the other officers and failed to provide a safe environment. However, he alleges no actual facts stating how Defendant Parris was aware of these officers' actions. Furthermore, under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). In addition, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

In this case, Duckett alleges that Defendant Parris "is responsible for reviewing all administrative disciplinary charges filed on NWCX inmates." (ECF No. 1 at PageID 9.) Even if a disciplinary charge had been filed against Duckett,[5] the mere fact that Parris may have reviewed or concurred in a decision of the disciplinary board is not the type of personal involvement that would support § 1983 liability.

To the extent Duckett seeks an injunction and a declaratory judgment, his requests are moot because he is no longer incarcerated at NWCX. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

---

[5] Duckett states in the complaint that no disciplinary charges were filed against him related to the incident at issue. (*Id.* at PageID 10.)

8

In conclusion, the Court DISMISSES all of Duckett's claims against Defendants Parris, Adcock, and Perkins for failure to state a claim on which relief can be granted and for seeking monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

It is ORDERED that the Clerk shall issue process for Defendants Pettie, Bell and Redmond and deliver that process to the U.S. Marshal for service. Service shall be made on Defendants Pettie, Bell and Redmond pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) and (10) by registered or certified mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Duckett shall serve a copy of every subsequent document he files in this cause on the attorneys for Defendants Pettie, Bell and Redmond or on any unrepresented Defendant. Duckett shall make a certificate of service on every document filed. Duckett shall familiarize himself with the Federal Rules of Civil Procedure and this Court's Local Rules.[6]

Duckett shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[6] A copy of the Local Rules may be obtained from the Clerk or on the Court's website at https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.