# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

RONALD L. DUCKETT,              )
                                  )
      Plaintiff,             )
                                    )
VS.                          )          No. 17-1185-JDT-cgc
                                  )
MIKE PARRIS, ET AL.,         )
                                  )
      Defendants.        )

---

ORDER DENYING PLAINTIFF'S MOTIONS TO APPOINT COUNSEL (ECF Nos. 34 & 37),
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 38),
DISMISSING CLAIMS AGAINST DEFENDANT REDMOND,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

---

Plaintiff Ronald L. Duckett, who is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed this civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff alleges he was subjected to excessive force, in violation of his constitutional rights, while previously confined at the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. The Court partially dismissed the complaint and directed that process be issued for the three remaining Defendants, Alan R. Petty, Steve Bell, and Joshua Redmond, on claims of excessive force and failure to protect. (ECF No. 5.) Plaintiff subsequently filed two motions for appointment of counsel. (ECF Nos. 34 & 37.)

Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel

appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted).

In support of his requests for counsel, Plaintiff relies only on the facts that he is indigent, incarcerated, and untrained in the law.  These are not the types of exceptional circumstances that warrant the appointment of counsel in a civil case.  The motions for appointment of counsel are, therefore, DENIED.

On February 26, 2021, Defendants Petty and Bell filed a motion for summary judgment (ECF No. 38),[1] to which Plaintiff has filed a response.  (ECF No. 39.)  In the order of partial dismissal, the Court summarized the allegations in the complaint:

> Duckett alleges that on September 29, 2016, he was removed from the general prison population at NWCX without explanation and placed into administrative segregation.  (ECF No. 1 at PageID 9.)  Defendant Bell allegedly came to his cell and ordered Duckett to submit to a strip search, repeatedly asking him to "perform an action that the DOCTOR's at TDOC [Tennessee Department of Correction] had advised and forbidding [sic] the plaintiff to do." (*Id.*)  Duckett alleges he told Bell he had been medically assessed to limited duty and could not perform the action.  (*Id.*)  Bell left but returned a short time later with Defendant Redmond and the two John Doe Defendants.  (*Id.*)  Duckett told them he had a health assessment which prevented him from stooping or bending.  (*Id.*)  However, Defendant Pett[y] then ordered Bell, Redmond, and John Does #1 and #2 to handcuff Duckett, which they allegedly did with a "malicious[ ] and sadistic[ ] use of force" while wrestling Duckett to the bed.  (*Id.*)  Duckett alleges he could not breathe and that his torso was forced into an unnatural position solely to harm him.  (*Id.*)  John Doe #2 and Redmond allegedly forced Duckett's hands behind his back while Bell sat on Duckett's legs, preventing him from moving.  (*Id.* at PageID 10.)  Bell and Redmond dragged Duckett from his cell by the handcuffs, which he claims irreparably damaged the nerves in his wrists and hands.  (*Id.*)  Pettie was outside

_____

[1] Though an attempt was made to serve Redmond with process (ECF Nos. 26 & 27), there is no proof in the record that it was successful.  He has not filed an answer to the complaint.

2

Duckett's cell during the handcuffing and did not intervene to assist or correct the others' behavior.  (*Id.*)  Duckett alleges he did not resist or threaten the officers in any way or break any prison rules that would have justified their treatment of him. (*Id.*)

After being handcuffed, Duckett was then taken to punitive segregation, where he remained for five days; however, he received no medical treatment until he signed up for sick call and was given no notice of any disciplinary charges.  (*Id.*) Duckett alleges Bell and Redmond have "repeatedly engaged in excessive force against inmates in the past" and that Pett[y] was on notice of their abusive conduct through a number of complaints over the course of several months but did not take disciplinary action against them or otherwise attempt to control their behavior.  (*Id.*)

(ECF No. 5 at PageID 30-31.)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or

(B)  showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1)  give an opportunity to properly support or address the fact;
>
> (2)  consider the fact undisputed for purposes of the motion;
>
> (3)  grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4)  issue any other appropriate order.

Fed. R. Civ. P. 56(e).

> In *Celotex Corp.*, the Supreme Court explained that Rule 56:
>
> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23.  However, where the party moving for summary judgment also has the burden of persuasion at trial, the initial burden on summary judgment is higher.  Under those circumstances, the moving party must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it."  *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same).  However, the Court's

function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

Defendants Petty and Bell contend they are entitled to judgment as a matter of law because Plaintiff did not exhaust his administrative remedies as required by the Prison Litigation Reform Act. In support of their motion, Defendants have submitted the Affidavit of TDOC Policy Development Director Cindy Bell, with an attached copy of the TDOC Inmate Grievance Procedure (TDOC Pol. #501.01, ECF No. 38-3), and documentation of all TDOC grievances filed by Plaintiff from September 29, 2016, to September 25, 2017, certified by TDOC Records Custodian Glenn F. Butler, Jr. (ECF No. 38-4). Also in the record are Plaintiff's responses to Defendants' First Set of Interrogatories and Request for Production of Documents. (ECF No. 33.) Plaintiff responded to the summary judgment motion, but his response is unsworn and unsupported by any additional evidence.[3]

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534

---

[3] Plaintiff's complaint is signed under penalty of perjury. However, the certified statement recites: "I do hereby certify under penalty of perjury that the above complaint is true and accurate *to the best of my knowledge, information, memory and belief*." (ECF No. 1 at PageID 12) (emphasis added). This diluting language prevents the complaint from being treated as an affidavit. *See, e.g., Glenn v. Apol*, No. 1:17-cv-545, 2019 WL 3805476, at *3 (W.D. Mich. July 19, 2019).

U.S. 516, 532 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.").  However, a prisoner is not required to demonstrate exhaustion in his complaint.  *Jones*, 549 U.S. at 216.  Failure to exhaust is an affirmative defense on which the defendant has the burden of proof.  *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Section 1997e(a) requires not merely exhaustion of the available administrative remedies, but *proper exhaustion* of those remedies, meaning that a prisoner must comply with the institution's "critical procedural rules," such as time limits for filing grievances.  *Woodford v. Ngo*, 548 U.S. 81 (2006).  The Sixth Circuit requires prisoners "to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'"  *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224).  "[I]f the plaintiff contends he was prevented from exhausting his remedies . . . the defendant [must] present evidence showing that the plaintiff's ability to exhaust was not hindered."  *Surles*, 678 F.3d at 458 n.10.

The TDOC Inmate Grievance Procedure requires that at the first level of the process, "[g]rievances must be filed utilizing CR-1394 within seven calendar days of the occurrence or the most recent occurrences giving rise to the grievance."  (*See* TDOC Pol. #501.01 § VI.C.1, Bell Aff. ECF No. 38-3 at PageID 201.)  Plaintiff concedes he filed grievances regarding the events at issue in this case that were "returned (3) three times stat[ing] that it must [be] filed within (7) calendar days of the occurrence."  (ECF No. 1 at PageID 2; *see also* Interr. #18, ECF No. 33 at PageID 143 ("3 grievances were filed").)  Those grievances were not filed until July 2017, more than nine months after the September 29, 2016, incident.  (*See* ECF No. 38-4 at PageID 234-39.)  Defendants assert Plaintiff filed no other grievances concerning the events in this case.

In his response to the motion for summary judgment, Plaintiff does not contend the Defendants' evidence is inaccurate or that he filed timely grievances concerning the September 2016 incident that are not documented in the record.  He also does not assert he was hindered in his ability to file a timely grievance.  Instead, Plaintiff asserts only that he was unsure of how to answer the Defendants' discovery requests (ECF No. 39 at PageID 24) and then contends he was denied proper medical treatment after the incident.  (*Id.* ("The fact is that he was denied proper medical attention and the Respondent is guilty of allowing his staff to deny, block or impede any attempts to resolve Plaintiff's medical needs.").)  However, there are no claims actually at issue in this case concerning a lack of adequate medical care.[4]

The only evidence in the record shows the grievances Plaintiff filed in July 2017 were too late to be in compliance with the seven-day time limit contained in the TDOC Inmate Grievance Procedure.  He does not contend this evidence is erroneous or incomplete.  The Court therefore finds Defendants Petty and Bell have shown that the evidence in the record "satisf[ies' the burden of persuasion" on summary judgment and "is so powerful that no reasonable jury would be free to disbelieve it."  *Surles*, 678 F.3d at 455-56.  The Defendants are, accordingly, entitled to judgment as a matter of law.

As stated, *supra* note 1, the record contains no proof that Defendant Redmond has been successfully served with process, and no answer has been filed on his behalf.  Plaintiff has not, however, requested that any further steps be taken to serve Redmond.  He has, therefore, failed to prosecute his claims against this Defendant.  Those claims will be dismissed.

_____

[4] Plaintiff did allege in his complaint that he was not properly treated for his injuries and requested the Court to issue an injunction ordering that he be given the necessary medical care. (ECF No. 1 at PageID 8, 10.)  He did not, however, allege any Defendant named in the complaint was responsible for providing him with medical care or prevented him from receiving it.  (*See id.* at PageID 7-9.)

In conclusion, Plaintiff's motions to appoint counsel are DENIED.  (ECF Nos. 34 & 37). The motion for summary judgment filed by Defendants Petty and Bell is GRANTED (ECF No. 38), and the claims against Defendant Redmond are DISMISSED for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff Duckett would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE